**United States District Court**
For the Northern District of California

1

2

3                    IN THE UNITED STATES DISTRICT COURT

4

5                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

7    ADOBE SYSTEMS INCORPORATED,                    No. C 08-05514 WHA

8              Plaintiff,

9         v.                                        **ORDER GRANTING
                                                    PLAINTIFF'S MOTION FOR
10   MANUEL MARMOLETOS and                          DEFAULT JUDGMENT**
     DOES 1–10, inclusive,
11

12             Defendants.
     _____/
13

14                              **INTRODUCTION**

15        In this copyright and trademark infringement action, plaintiff Adobe Systems

16   Incorporated moves for default judgment, permanent injunction, statutory damages, and

17   post-judgment interest.  For the following reasons, plaintiff's motion is **GRANTED**.

18                              **STATEMENT**

19        Plaintiff is a software manufacturer and distributor that owns the exclusive rights under

20   the Copyright Act to reproduce and distribute to the public copies of Adobe software in the

21   United States.  Its copyrights are registered with the Copyright Office and cover such products

22   as Adobe Dreamweaver, Flash, Fireworks, Creative Suite, Photoshop, Acrobat, and Reader.

23        Plaintiff also owns numerous trademarks, which are used in conjunction with the sale

24   and distribution of its copyrighted software.  Its marks include ADOBE, PHOTOSHOP,

25   ACROBAT, READER, and MACROMEDIA FLASH.  The marks are registered with the

26   United States Patent and Trademark Office, and, allegedly, they are famous for their association

27   with Adobe software's ability to create, manage, and edit content.

28

1    Defendant Manuel Marmoletos, without authorization or license, duplicated plaintiff's

2    copyrighted software and sold counterfeit copies through Amazon.com.  In conjunction with his

3    sales, defendant used images identical to plaintiff's marks in order to promote the sale of his

4    unauthorized copies.  This caused consumers to believe that they were purchasing authentic

5    Adobe software.

6    After discovering that defendant sold counterfeit copies of its software and used its

7    marks, plaintiff filed and properly served a complaint against defendant for copyright and

8    trademark infringement.  Defendant failed to respond, and plaintiff filed and properly served a

9    motion for entry of default against him.  Subsequently, the Clerk of the Court entered default

10   against defendant.  Defendant also failed to appear at the motion hearing on April 16, 2009.

11   This order will now address plaintiff's motion for default judgment, permanent

12   injunction, statutory damages, and post-judgment interest.

**ANALYSIS**

13

14   **1.    DEFAULT JUDGMENT.**

15   Under FRCP 55(b)(2), a plaintiff can apply to the district court for a default judgment

16   against a defendant that has failed to otherwise plead or defend against the action.  Default

17   judgments generally are disfavored as "cases should be decided upon their merits whenever

18   reasonably possible."  *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986).  In the Ninth

19   Circuit, a district court must consider the following factors when deciding whether or not to use

20   its discretion in granting a motion for default judgment:  (i) the possibility of prejudice to the

21   plaintiff; (ii) the merits of plaintiff's substantive claims; (iii) the sufficiency of the complaint;

22   (iv) the sum of money at stake in the action; (v) the possibility of a dispute concerning material

23   facts; (vi) whether the default was due to excusable neglect; and (vii) the strong policy

24   underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  *Id.* at

25   1471–72.  Here, these factors favor entry of default judgment against defendant.

26

27

28

2

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

A.      **Merits and Sufficiency of the Complaint.**

After an entry of default, well-pled allegations in the complaint are deemed true except as to the amount of damages. *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). The merits of plaintiff's substantive claims and sufficiency of the complaint are thus considered together.

(1)      *Copyright Infringement.*

Plaintiff's first claim is that defendant infringed upon its copyrights. To establish copyright infringement, plaintiff must prove: (i) ownership of a valid copyright; and (ii) that defendant violated at least one exclusive right granted to plaintiff under 17 U.S.C. 106. *A&M Records, Inc. v. Napster, Inc.,* 239 F.3d 1004, 1013 (9th Cir. 2001). 17 U.S.C. 106 provides that:

> [T]he owner of [a] copyright under this title has the exclusive rights to do and to authorize any of the following: (1) to reproduce the copyrighted work in copies or phonorecords; . . . [and] (3) distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending.

17 U.S.C. 501, in turn, provides that "anyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 122 . . . is an infringer of the copyright" and "the legal or beneficial owner of an exclusive right under a copyright is entitled . . . to institute an action for any infringement of that particular right committed while he or she is the owner of it."

Here, the complaint alleges that plaintiff is the registered owner of the copyrighted software at issue; that defendant began reproducing plaintiff's copyrighted software sometime after plaintiff had acquired the rights to it; and that defendant sold pirated copies of the software to the public without plaintiff's consent (Compl. Exh. A). Taking these well-pled allegations as true, plaintiff sufficiently pleads the elements necessary to state a claim for copyright infringement. This order will now discuss the merits and sufficiency of plaintiff's second claim.

**United States District Court**
For the Northern District of California

1

(2)     *Trademark Infringement.*

2       In addition to bringing a claim for copyright infringement, plaintiff also brings a claim

3  for trademark infringement.  To succeed on a claim for trademark infringement, plaintiff must

4  prove that:  (i) it owns the rights to a valid trademark; and (ii) defendant's use of the mark in

5  interstate commerce is likely to cause consumer confusion.  *KP Permanent Make-Up Inc. v.*

6  *Lasting Impression I, Inc.*, 408 F.3d 596, 602 (9th Cir. 2005).

7       Here, the complaint alleges that plaintiff is the owner of a number of trademarks in the

8  United States; that the marks are registered with the USPTO; that defendant began using the

9  marks long after plaintiff had registered the marks; that defendant used plaintiff's marks

10 knowing that plaintiff owned the registered marks; that defendant used the marks to promote

11 pirated copies of plaintiff's software that he sold over the internet; and that consumers were

12 duped into believing that they had purchased authentic copies of Adobe software.  Here, the

13 allegations sufficiently establish that defendant infringed upon plaintiff's trademarks.

14       **B.     Remaining Factors.**

15       This order finds that the remaining *Eitel* factors likewise favor entry of default

16 judgment.  *First*, plaintiff will be prejudiced if default judgment is not granted.  If default

17 judgment is not granted, plaintiff will be denied the right to adjudicate its claims and

18 defendant's conduct will remain unimpeded.  *Second*, plaintiff seeks an award of $250,000 for

19 defendant's willful trademark counterfeiting.  Generally, the fact that a large sum of money is at

20 stake disfavors default judgment.  *Eitel*, 782 F.2d at 1472.  As described below, however, the

21 damages are statutory and the amount is left to the court's discretion.  *Third*, there is nothing

22 excusable in regards to defendant's actions.  Defendant was properly served with the complaint

23 and motion for default judgment but did not file an answer or opposition.  *Fourth*, although

24 federal policy favors decisions on the merits, the circumstances surrounding this case indicate

25 that default judgment under FRCP 55(b) is proper.  This order concludes that the balance of the

26 *Eitel* factors weighs in favor of entry of default judgment.

27

28

4

1    **2.    PERMANENT INJUNCTION.**

2       This order will now discuss the relief that plaintiff requests.  Plaintiff first seeks a

3   permanent injunction to prevent future infringement of its trademarks and copyrights.  Under 17

4   U.S.C. 502(a), a court may enter an injunction against a defendant to prevent future copyright

5   infringement.  Similarly, injunctive relief is available to prevent future trademark infringement

6   under the Lanham Act.  15 U.S.C. 1116(c).

7       As of the time the complaint was filed, defendant was still duplicating and selling copies

8   of plaintiff's copyrighted software over the internet.  In conjunction with the sale of those

9   counterfeit copies, defendant used plaintiff's marks to promote his sales.  By using plaintiff's

10  marks, defendant was representing that his own pirated copies were endorsed by plaintiff,

11  making it likely that consumers would be confused.  Plaintiff, therefore, is entitled to injunctive

12  relief.

13      Pursuant to 17 U.S.C. 502(a), this order enjoins defendant from copying, selling,

14  offering to sell, or distributing plaintiff's copyrighted software and requires defendant to file

15  and serve on plaintiff, by **MAY 15, 2009**, and proper service of this order and judgment, a report

16  in writing and under oath detailing the manner in which defendant has complied with the

17  injunction.

18      Pursuant to 15 U.S.C. 1116, this order enjoins defendant from using any of plaintiff's

19  trademarks in any way and requires defendant to file and serve on plaintiff, by **MAY 15, 2009**,

20  and proper service of this order and judgment, a report in writing and under oath detailing the

21  manner in which defendant has complied with the injunction.

22      For the Court's contempt power to apply to these injunctions, defendant "must receive

23  actual notice of the order by personal service or otherwise."  FRCP 65(d).  Plaintiff is instructed

24  to provide proper service of this order, by personal service, no later than **APRIL 30, 2009**.

25  Plaintiff shall also file a copy of the proof of service.

26

27

28

United States District Court

For the Northern District of California

### 3.    STATUTORY DAMAGES.

Plaintiff also requests $250,000 for statutory damages based on defendant's willful counterfeiting of five of its trademarks.  For trademark actions involving the use of a counterfeit mark, a plaintiff may recover statutory damages at any time before final judgment is entered. 15 U.S.C. 504(c)(2).  In its discretion, a court can award not less than $1,000 or more than $200,000 for each counterfeit mark.  15 U.S.C. 1117(c).  In cases, where the infringement is willful, the maximum amount that may be awarded per counterfeit mark is $2,000,000.

In order to be entitled to an award for statutory damages based on defendant's willful counterfeiting, plaintiff must establish that:  (i) defendant intentionally used a counterfeit mark in commerce; (ii) knowing the mark was counterfeit; (iii) in connection with the sale, offer for sale, or distribution of goods; and (iv) defendant's use was likely to confuse or deceive consumers.  *Lindy Pen Co. v. Bic Pen Co.*, 982 F.2d 1400, 1406 (9th Cir. 1993).

The complaint alleges sufficient facts to establish that plaintiff is entitled to statutory damages.  It alleges that defendant knew plaintiff owned the rights to the registered trademarks; that defendant armed with that knowledge decided anyway to identically copy the marks and use them in conjunction with the sale of pirated software; that defendant did so because he intended to deceive consumers into believing they were purchasing real copies of Adobe software; and that consumers in fact were deceived.  The facts as alleged clearly establish that defendant engaged in willful trademark counterfeiting and that plaintiff is entitled to an award of statutory damages.

Plaintiff will not, however, be granted $250,000.  Even though plaintiff decided against seeking statutory damages for the infringement of additional trademarks and copyrights, the amount requested still seems too great.  This Court believes it is just to award statutory damages in the amount of $8,000 per trademark infringement, for a total of $40,000.  This is eight times the minimum under the statute.  Coupled with the permanent injunction, the award will adequately serve the purpose of deterring future violations as well as compensating plaintiff.

**4.    POST-JUDGMENT INTEREST.**

Finally, plaintiff also seeks post-judgment interest.  Pursuant to 28 U.S.C. 1961(a), interest "shall be allowed on any money judgment in a civil case recovered in a district court." Accordingly, plaintiff shall be awarded post-judgment interest, which will be calculated "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." *Ibid*.

## CONCLUSION

For good cause shown, this order **GRANTS** plaintiff's motion for default judgment, permanent injunction, statutory damages, and post-judgment interest. Defendant Manuel Marmoletos shall pay plaintiff statutory damages in the amount of $40,000.  Post-judgment interest shall accrue from the date of judgment as provided by 28 U.S.C. 1961.

Defendant Manuel Marmoletos, his agents, servants, employees, representatives, successor and assigns, and all persons, firms, corporations or other entities in active concert or participation with defendant, shall be immediately and permanently enjoined from:

1.    Directly or indirectly infringing upon Adobe's intellectual property rights in any manner, including generally, but not limited to, reproduction, manufacture, importation, distribution, advertising, selling and/or offering for sale Adobe's copyrighted software;

2.    Using pictures, copies, promotional materials, labels, packaging or containers that use the likeness of or bear a confusing and/or substantial similarity to anything covered by Adobe's trademarks;

3.    Engaging in any conduct that tends falsely to represent that, or is likely to cause, mislead or deceive purchasers, defendant's customers and/or members of the public to believe the actions of defendant, the products sold by defendant, or defendant himself is connected with Adobe, is

**United States District Court**
For the Northern District of California

7

sponsored, approved, or licensed by Adobe, or is in some way affiliated with Adobe;

4. Affixing, applying, annexing or using in connection with the importation, manufacture, distribution, advertising, sale and/or offer for sale or other use of any goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods as being those of Adobe;

5. Destroying or otherwise disposing of merchandise falsely bearing Adobe's trademarks; or of any labels, packages, wrappers, containers or any other unauthorized promotional or advertising material which reproduces, copies, counterfeits, imitates or bears any of Adobe's trademarks;

6. Destroying or otherwise disposing of any molds, screens, patterns, plates, negatives or other elements used for making or manufacturing products bearing Adobe's trademarks;

7. Destroying or otherwise disposing of any sales and supply or customer journals, ledgers, invoices, purchase orders, inventory control documents, bank records, catalogs and all other business records, believed to concern the manufacture, purchase, advertising, sale or offer for sale of software products which infringe on Adobe's copyrights; and

8. That Adobe and its designees are authorized to seize the following items which are in defendant's possession, custody or control: (i) all unauthorized copies of Adobe's copyrighted software; (ii) any other product which reproduces, copies, counterfeits, imitates or bears any of Adobe's trademarks, or any part thereof; (iii) any molds, screens, patterns, plates, negatives, machinery or equipment, specifically including computers, servers, optical disc burners and other hardware

8

used for making or manufacturing copies of Adobe's copyrighted software.

9.      Defendant shall file with the Court and serve on plaintiff, by May 15, 2009, a report in writing under oath setting forth in detail the manner in which defendant has complied with the Court's injunction and order.

Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

Dated:  April 16, 2009

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

9